

**FOLEY & LARDNER LLP**

Application **GRANTED in part**.  The initial pretrial conference scheduled for February 3, 2026, is **ADJOURNED** to **March 10, 2026, at 3:30 pm**.  The proposed case management order is due by **March 3, 2026**. The parties shall also file a joint status letter by **March 3, 2026**, which shall include Plaintiff's proposal regarding the exhibits to the Third Amended Complaint.  The parties other requests, including dismissal of Mr. Wiegel's action will be addressed at the conference.  So Ordered.

The Clerk of Court is respectfully requested to docket this Order in 21cv2921, 22cv7847 and 23cv2677.

Dated: January 27, 2026
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

January 26, 2026

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse, Courtroom 1106
40 Foley Square
New York, NY 10007

**Via ECF**

**Re: *United States et al. ex rel. John Doe v. Rotech Healthcare, Inc. et al.*, 1:21-cv-02921-LGS (S.D.N.Y.); *United States ex rel. Michelle Sage v. Rotech Healthcare, Inc.*, 1:22-cv-07847-LGS (S.D.N.Y.); *United States ex rel. Craig Wiegel v. Rotech Healthcare, Inc.*, 1:23-cv-02677-LGS (S.D.N.Y.)**

Dear Judge Schofield:

Pursuant to the Court's order on December 18, 2025 (ECF No. 18), Relators John Doe and Michelle Sage and Defendant Rotech Healthcare Inc. (Rotech)[1] submit this joint letter in advance of the initial pretrial conference currently scheduled for February 3, 2026. Mr. Wiegel did not file a letter on ECF stating he intends to participate in this action as required by this Court's order (Wiegel ECF No. 19). Accordingly, Rotech believes the Court should assume he does not intend to participate in the action and dismiss his case with prejudice.[2] Relator Doe and Relator Sage take no position on Rotech's request.

Additionally, in lieu of providing a proposed case management order, the Parties request an adjournment of the initial pretrial conference and an extension of time for the proposed case management order. The original due date for the proposed case management order is January 27, 2026 and the scheduling conference is February 3, 2026. This is the first request for an adjournment and extension of time.

---

[1] Relator Doe asserts claims against Rotech Healthcare Inc. and various affiliated entities. For convenience, the parties collectively refer to "Rotech" in this submission.

[2] This case was filed and remains under seal, so Rotech does not have access to the complaint nor any exhibits and cannot assess the nature of the case, potential motions, discovery, damages, or any other information.

AUSTIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DENVER | DETROIT | HOUSTON | JACKSONVILLE | LOS ANGELES
MADISON | MEXICO CITY | MIAMI | MILWAUKEE | NASHVILLE | NEW YORK | ORLANDO | RALEIGH | SACRAMENTO | SALT LAKE CITY
SAN DIEGO | SAN FRANCISCO | SILICON VALLEY | TALLAHASSEE | TAMPA | TOKYO | WASHINGTON, D.C.



The Parties have conferred and jointly request to move these dates to a date at the Court's convenience at least 30 days after Relators serve Rotech in these matters. Rotech orally has agreed to waive service, and the Relators have until February 12, 2026 to provide Rotech with the operative complaint and exhibits and waiver of service request. The Parties intend to utilize the additional time to streamline initial disputes such as amendments or dismissals of complaints or counts, motions to dismiss, and/or to engage in settlement discussions. The additional time also will allow the Parties to create an informed proposed case management plan.

### (1)	Nature of the Case

Rotech is a durable medical equipment (DME) company that provides oxygen-related devices to patients. Relators John Doe and Michelle Sage brought two *qui tam* actions under the federal False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq*., and analogous state FCA provisions, against Rotech for allegedly submitting false claims to federal healthcare payors. The U.S. Attorney's office for the Southern District of New York investigated the claims and declined to intervene in any of the cases on December 1, 2025. ECF No. 23. Similarly, all Plaintiff States in *Doe* have declined to intervene. ECF No. 21.[3]

Relator Doe alleges Rotech submitted false claims by: (1) failing to verify whether patients continue to use or need their durable medical equipment; and (2) violating the Anti-Kickback Statute (AKS) by (i) inducing certain referral sources to increase testing for oxygen-related devices, and (ii) waiving or lowering co-pays for Medicare patients. Based on similar allegations, Relator Doe alleges that Rotech violated the California Insurance Fraud Prevention Act, Cal. Ins. Code § 1871.7 *et seq*. and Illinois Insurance Claims Fraud Prevention Act, 740 Ill. Comp. Stat. 92/1 *et seq*.

Relator Sage alleges Rotech submits claims for DME that are not medically necessary and for DME that Rotech did not actually provide. Rotech Relator Sage also brings an action for retaliatory discharge under 31 U.S.C. § 3730(h) and Washington law (R.C.W. § 74.55.090).

### (2)	Basis for Subject Matter Jurisdiction and Venue

The Parties agree this Court has subject matter jurisdiction over False Claims Act claims pursuant to 28 U.S.C. § 1331 and this Court has jurisdiction over the state law claims alleged under 31 U.S.C. § 3732(b). The Parties also agree that venue is proper pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b)-(c).

---

[3] The Plaintiff States include California, Colorado, Connecticut, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Washington, and Wisconsin. Additionally, the State of Maryland requests that all claims asserted on behalf of the State of Maryland be dismissed. ECF No. 21.



**(3)     Diversity of Citizenship:** Not applicable.

**(4)     Motions Practice**

*Relators' Intended Motions:* After reviewing Rotech's pre-motion letter (described below) or its motion to dismiss, Relators may move for leave to file amended complaints under Rule 15(a). Relator Doe is also presently evaluating whether to seek leave to redact certain materials in the exhibits to the operative Third Amended Complaint before those exhibits are unsealed.[4]

*Defendant Rotech's Intended Motions:*[5] Upon leave from the court after submitting a pre-motion letter, Rotech intends to file a motion to dismiss all counts of each complaint under Fed. R. Civ. P. 12(b)(6), Rule 8, and Rule 9(b). To survive the pleading stage, Relators must allege facts supporting each element of an FCA or state FCA claim – namely, the essential FCA elements of scienter, causation, materiality, or falsity. In addition, Doe's AKS-based FCA claims also independently fail to allege but-for causation or scienter. And, because the FCA and state law claims sound in fraud, Relators must satisfy the heightened pleading requirements of Rule 9(b), which they also have failed to do. *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 26 (2d Cir. 2016). Neither complaint includes any of the factual allegations specific to Rotech required by Fed. R. Civ. P. 8(a) and 9(b), and instead allege dismissably broad, sweeping statements which are not sufficient to survive a motion to dismiss.

The complaints also can independently be dismissed under Rule 8 because the Relators, acting after the Government declined to intervene, proceed under the *qui tam* device, which violates multiple Article II clauses, including the Appointments, Vesting, and Take Care Clauses. *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, _ F. Supp. 3d _, No. 8:19-CV-01236-KKM-SPF, 2024 WL 4349242, at *18 (M.D. Fla. Sept. 30, 2024) (dismissing *qui tam* action in which government had not intervened after concluding relators are "Officers" within the meaning of the Appointments Clause, but that plainly they are not properly appointed).

---

[4] On September 15, 2025, the Court directed that "[t]he complaints shall be unsealed thirty days after entry of this Order." (ECF 17). It appears that the Clerk's Office has only unsealed Relator Doe's initial complaint filed on April 6, 2021 (ECF 1, unsealed as ECF 18) and has not unsealed the operative Third Amended Complaint filed on September 6, 2022 (ECF 13). Relator Doe is also evaluating how to ask the Clerk's Office to proceed with unsealing the operative Third Amended Complaint, but respectfully suggests that the most pragmatic path forward is to first resolve the above-described redactions issues.

[5] Counsel for Rotech has filed a motion for admission *pro hac vice* for Kara Sweet; Lisa Noller's *pro hac vice* motion is forthcoming. Once *pro hac vice* admission is granted, Noller and Sweet will file appearances for any Rotech subsidiary included as defendants in the complaints. Additionally, Counsel intends to file an order to allow Noller and Sweet to bring a Personal Electronic Device or a General Purpose Computing Device for all conferences and hearings in this matter.



In *Doe* (1:21-cv-02921)**,** Rotech also intends to file a motion to unseal the exhibits which may inform additional arguments for Rotech's motion to dismiss. Rotech also intends to file a motion to stay discovery and other case management deadlines during the pendency of its motions to dismiss.

*Unopposed Motions:* The Parties intend to file an agreed Stipulation and Protective Order.

**(5)      Discovery:** The Parties have not engaged in any discovery in this action.

**(6)      Computation of Damages Claimed**

*Relators:* Under the federal FCA, Rotech is liable for three times the amount of damages that the United States sustained or will sustain because of its conduct. *See* 31 U.S.C § 3729(a). Rotech is also liable for a civil penalty of not less than $5,500 and not more than $11,000 for each violation of the federal FCA (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990) that they made or caused to be made. 31 U.S.C. § 3729(a). Rotech is separately responsible for the payment of Relators' reasonable attorneys' fees and costs. 31 U.S.C. § 3730(d)(1). Under the corresponding false claims statutes of the Plaintiff States. Rotech is liable for similar treble damages, penalties, and fees as under the federal FCA. *See e.g.,* Fla. Stat. § 68.082(2); N.Y. State Fin. Law, Art. 13 § 189.

With respect to her claims under 31 U.S.C § 3730(h), Relator Sage is "entitled to all relief necessary to make [her] whole" after her retaliatory constructive discharge by Rotech. Such relief includes reinstatement, two times back pay, interest on the back pay, and compensation for any special damages, including litigation costs and reasonable attorneys' fees. *Id.*

*Defendant Rotech:* There are no damages to the United States, the Plaintiff States, nor any private insurers. Similarly, there are no damages to Relator Michelle Sage for her employment claims.

**(7)      Settlement Discussions**

The Parties have not engaged in any settlement discussions. The parties do not wish to participate in a settlement conference at this time, but reserve the right to request one at a later date.

**(8)      Other Helpful Information**

Rotech has agreed to waive service of the complaints, making their dispositive motions due 60 days after service, unless Relators elect to amend their complaints. At this time, Relators have not served Rotech in these cases as service is not due until February 12, 2026, making an answer or dispositive motion due on or before April 13, 2026.



**Defendant Rotech***: The United States Attorney's Office for the Southern District of New York conducted an investigation of Relators' claims prior to declining to intervene in any of the actions. As to the substantive allegations relating to patients' continued usage of certain DME, the United States reviewed an analysis of a statistically valid sample of 295 claims (59 claims for five different DME devices) and considered the applicable regulations governing continued usage. The random claims audit revealed a 0% error rate with continued usage requirements for three devices, and a less than 5% error rate for the other two devices. After reviewing the audit results and additional information provided by Rotech in response to a Civil Investigative Demand, the United States declined to intervene in this matter. ECF No. 23.

**Relators***: It is inappropriate for Rotech to provide its self-serving perspective on the United States' investigation, particularly at the pleading stage when the Court's consideration is limited to the four corners of the complaints and the Court "accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party." 2022 WL 2751871, at *1 (S.D.N.Y. July 14, 2022) (Schofield, J.). Moreover, Rotech's apparent attempt to suggest that the United States' declination undermines Relators' allegations is unfounded. As one treatise describes, "[t]he Government's decision not to intervene is not a decision on the merits of the case" and "[i]f it were, there would be no reason for the statute to authorize a relator to proceed without the Government."[6] Likewise, "[i]n any given case, the government may have a host of reasons for not pursuing a claim," and thus, courts "should not assume that in each instance in which the government declines intervention in an FCA case, it does so because it considers the evidence of wrong doing insufficient or the qui tam relator's allegations for fraud to be without merit."[7]

---

[6] Claire M. Sylvia, *The False Claims Act: Fraud Against the Government* § 11:15 (July 2025).

[7] *U.S. ex rel. Raffington v. Bon Secours Health Sys., Inc.,* 405 F. Supp. 3d 549, 571 (S.D.N.Y. 2019) (quotations omitted).

**FOLEY**

**FOLEY & LARDNER LLP**

Respectfully,

**Walden Macht Haran & Williams LLP**

Amanda Senske
Daniel R. Miller*
Jonathan Z. DeSantis*
250 Vesey Street, 27th floor
New York, New York 10281
Tel: (212) 335-2976
asenske@wmhwlaw.com

*Pro hac vice forthcoming

*Attorneys for Relator John Doe*

**Brown, LLC**

Patrick S. Almonrode
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Tel.: (877) 561-0000
Fax: (855) 582-5297
patalmonrode@jtblawgroup.com

*Attorneys for Relator Michelle Sage*

**Foley & Lardner LLP**

Phara A. Guberman
90 Park Avenue
New York, NY 10016
Tel: (212) 338-3514
Fax: (212) 687-2329
phara.guberman@foley.com

Lisa Noller*
321 N Clark St., Suite 3000
Chicago, IL 60654-4762
Tel: (312) 832-4500
Fax: (312) 832-4700
lnoller@foley.com

*Pro hac vice forthcoming

Kara Sweet**
1144 15th Street, Suite 2200
Denver, CO 80202
Tel: (720) 437-2002
Fax: (720) 437-2200
ksweet@foley.com

**Pro hac vice pending

*Attorneys for Defendant
Rotech Healthcare Inc.*